SCHLESINGER LAW OFFICES, P.A.
Jeffrey L. Haberman, Esq.
Scott P. Schlesinger (*pro hac vice* forthcoming)
Jonathan R. Gdanski (*pro hac vice* forthcoming)
1212 SE Third Avenue, Fort Lauderdale, FL 33316
Telephone: (954) 320-9507
jhaberman@schlesingerlaw.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY NEWARK DIVISION**

**Case No: 2:20-cv-08030-SDW-LDW**

RUTH LARA, Individually and as
Guardian of her minor child J.S.,
on behalf of themselves and on behalf
of those similarly situated,

Plaintiff,

v.
PUFF BAR, NICK MINAS,
PATRICK BELTRAN, COOL CLOUDS
DISTRIBUTION, INC.,
UMAIS ABUBAKER,
and SHAHID SHAIKH,

Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS SECOND AMENDED COMPLAINT AND ALTERNATIVE
MOTION FOR LEAVE TO PROPOUND JURISDICTIONAL DISCOVERY**

Plaintiff, Ruth Lara, individually, and as legal Guardian of her minor child, J.S., on behalf of themselves and on behalf of those similarly situated, by and through undersigned counsel, submit this Response in Opposition to Defendants, Cool Clouds Distribution, Inc., Umais Abubaker, and Shahid Shaikh's Motion to Dismiss Second Amended Complaint and Alternative Motion for Leave to Propound Jurisdictional Discovery.

## I.    INTRODUCTION

Defendants, Cool Clouds Distribution, Inc. (Cool Clouds), Umais Abubaker (Abubaker), and Shahid Shaikh (Shaikh) contend they are not subject to personal jurisdiction, arguing Plaintiffs' Second Amended Complaint ("SAC") makes "little effort" to link its allegations to any of the Defendants or distinguish amongst them [Doc. 47, at 6]. Their arguments fail to confront Abubaker and Shahid's decisions to aim their conduct nationwide and the impact it had in New Jersey. Similarly, their arguments fail to recognize that the allegations directed toward "Cool Clouds" apply equally to the Corporate Defendants—who controlled the actions of Cool Clouds.

In their motion, the Defendants also reject Plaintiffs' allegations—ignoring the factual allegations against each Defendant that easily satisfy the applicable pleading standards. Moreover, Plaintiff's SAC sets forth allegations sufficient to support leave to conduct jurisdictional discovery. Thus, the Corporate Defendants' Motion to Dismiss should be denied in its entirety or alternatively, held in abeyance pending the completion of limited discovery.

## II.    BACKGROUND AND SUMMARY OF ALLEGATIONS

The Puff Bar e-cigarette is a disposable pod device engineered to deliver more nicotine and fuel higher levels of consumer addiction than most prior versions of e-cigarettes and combustible cigarettes. Defendants market this highly addictive device as healthy, safe, cool and available in kid-friendly flavors. SAC at ¶ 38. Puff Bar has targeted the youth market, deploying its advertising tactics on today's major social media outlets used by adolescents, including YouTube, TikTok, Instagram, and Reddit. *Id.* at ¶ 67, 74. Puff Bar's collection of fruit flavors epitomizes health and is hardly suggestive of addiction and health harm. *Id.* at ¶ 69. Defendants, Umais Abubaker and Shahid Shaikh, worked in concert with Cool Clouds and Puff

Bar to target school-age children to develop and grow a youth nicotine market. They lured teens using patently youth-oriented advertising campaigns and social media postings, such as #puffbar. None of these things occurred by happenstance. Decisions concerning how to design and market Puff Bar were made by individuals who then also put those plans into motion through Cool Clouds.

These actions fueled a public health crisis of youth e-cigarette use at epidemic levels. On December 28, 2018, the University of Michigan's National Adolescent Drug Trends for 2018 reported that increases in adolescent Electronic Nicotine Delivery System ("ENDS") vaping from 2017 to 2018 were the "*largest ever recorded in the past 43 years for any adolescent substance use outcome in the U.S.*"[1] *Id*. at ¶ 29. Former FDA Commissioner, Dr. Scott Gottlieb, had described e-cigarette consumption as an "almost ubiquitous—and dangerous—trend" that is responsible for an "epidemic" of nicotine use among teenagers and identified the two primary forces driving the epidemic as "youth appeal and youth access to flavored tobacco products." *Id.* at 31. Plaintiffs' SAC goes beyond simply asserting that Cool Clouds Distribution, Inc. and its high-level corporate officers should be held liable, describing the personal involvement of these particular Defendants in creating and maintaining the youth vaping epidemic. As summarized below and described in Plaintiff's Complaint, Defendants contributed to this crisis.

Cool Clouds Distribution, Inc. manufactures, designs, sells, markets, promotes and distributes Puff Bar disposable e-cigarettes, Puff Krush flavored tip add-ons and other Puff Bar products throughout the United States including New Jersey. *Id* at ¶ 15. Likewise, Abubaker

---

[1] Prieur, *National Adolescent Drug Trends in 2018* (Dec. 17, 2018), UNIV. OF MICHIGAN, https://isr.umich.edu/news- events/news-releases/national-adolescent-drug-trends-in-2018/ (as of Oct. 5, 2019).

and Shaikh are involved in designing, manufacturing, promoting, marketing, and selling Puff Bar disposable e-cigarettes, Puff Krush flavored tip add-ons, and other Puff Bar products throughout the United States, including New Jersey. *Id.* at ¶ 16, 17.

### III. LEGAL STANDARD

Under Rule 8(a), a plaintiff need only provide "enough facts to state a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. Plaintiffs' claims are based on the design, warnings and marketing of a highly addictive nicotine product to youth. Considering the allegations as a whole, plaintiff need only make a *prima facie* showing of jurisdictional facts to avoid the granting of a motion to dismiss and plaintiff is "entitled to have its allegations taken as true and all factual disputes drawn in its favor." *O'Connor v. Sandy Lane Hotel Co., Ltd.,* 496 F.3d 312, 316 (3d Cir. 2007) (quoting *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 97 (3d Cir. 2004)).

A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law. *See* Fed. R. Civ. P. 4(e). "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Benitez v. JMC Recycling Sys., Ltd.*, 97 F. Supp. 3d at 581 (quoting *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d at 96). Due process requires that each defendant have "minimum contacts" with the forum state and that the Court's exercise of jurisdiction over the parties comports with "traditional notions of fair play and substantial justice." *Id.* (citing *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316 (1945)). "Minimum contacts must have a basis in 'some act by which defendant purposefully avails itself of the privilege of conducting activities within the forum

4

state, thus invoking the benefits and protection of its laws.'" *Asahi Metal Indust. Co. v. Sup. Ct. of Cal.,* 480 U.S. 102, 109 (1987) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985)).

Within this framework, courts examine personal jurisdiction under two distinct theories: general and specific jurisdiction. *See Remick v. Manfredy,* 238 F.3d 248, 255 (3d Cir. 2001). "General jurisdiction is based upon the defendant's continuous and systematic contacts with the forum and exists even if the plaintiff's cause of action arises from defendant's non-forum related activities." *Id.* (citations omitted). The Third Circuit "requires a very high showing before a court may exercise general jurisdiction." *Snyder v. Dolphin Encounters Ltd.,* 235 F. Supp. 2d 433, 437 (E.D. Pa. 2002) (citing *Gehling v. St. George's Sch. of Med., Ltd.,* 773 F.2d 539, 542 (3d Cir. 1985)). Plaintiffs must show "significantly more than minimum contacts to establish general jurisdiction." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n,* 819 F.2d 434, 437 (3d Cir. 1987).

To establish specific jurisdiction, a plaintiff must demonstrate that "a non-resident defendant has 'purposefully directed' his activities at a resident of the forum and the injury arises from or is related to those activities." *General Elec. Co. v. Deutz AG,* 270 F.3d 144, 150 (3d Cir. 2001) (citing *Rudzewicz,* 471 U.S. at 472). There are three steps to the specific jurisdiction inquiry: (1) the defendant must have purposefully directed its activities at the forum; (2) the litigation must "arise out of or relate to" at least one of those activities; and (3) if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comports with 'fair play and substantial justice.'" *O'Connor,* 496 F.3d at 317 (quoting *Burger King,* 471 U.S. at 463).

If the sale of a product to a resident of a foreign state is not an isolated occurrence, but "arises

5

from the efforts of the manufacturer or distributor," it is not unreasonable to subject the seller of the product to suit in that state if "its allegedly defective merchandise has there been the source of injury to its owner or to others." *Duell ex rel. D.D. v. Kawasaki Motors Corp., U.S.A*., 962 F. Supp. 2d 723, 728 (D.N.J. 2013) (quoting *World–Wide Volkswagen,* 444 U.S. 286, 297 (1980)).

As a general rule, jurisdictional discovery should be allowed unless the plaintiff's claim is "clearly frivolous." *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n,* 107 F.3d 1026, 1042 (3d Cir.1997). If a plaintiff presents factual allegations that "suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,' the plaintiff's right to conduct jurisdictional discovery should be sustained." *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 456 (3d Cir.2003) (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino,* 960 F.2d 1217, 1223 (3d Cir.1992)). Where the plaintiff has made this required threshold showing, courts within this Circuit have sustained the right to conduct discovery before the district court dismisses for lack of personal jurisdiction. *See, e.g.*, *In re Automotive Refinishing Paint Antitrust Litigation,* 2002 WL 31261330, at *9 (E.D.Pa. July 31, 2002) (denying motion to dismiss and permitting jurisdictional discovery where plaintiff made a "threshold prima facie showing of personal jurisdiction over Defendants"); *W. Africa Trading & Shipping Co., et al. v. London Int'l Group, et al.,* 968 F.Supp. 996, 1001 (D.N.J.1997) (denying defendant's motion to dismiss where the plaintiffs' "request for jurisdictional discovery is critical to the determination of whether [the court can] exercise personal jurisdiction over the defendant."); *Centralized Health Systems, Inc. v. Cambridge Medical Instruments, Inc.,* 1989 WL 136277, at *1 (E.D.Pa. Nov.8, 1989) (holding motion to dismiss in abeyance to permit party to take discovery on jurisdiction where distribution arrangement might satisfy minimum contacts). *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d at 456.

## IV. ARGUMENT

### A. This Court Has Personal Jurisdiction Over the Defendants.

#### 1. The Exercise of Specific Personal Jurisdiction Over the Defendants Is Proper Due to the Impact of Their Nationwide Conduct on the Forum State.

Each Defendant is properly before this Court. Defendants, Cool Clouds, Abubaker and Shaikh claim they are not subject to personal jurisdiction in Morris County, New Jersey, where they caused harm. The exercise of specific personal jurisdiction over the Defendants is proper due to their conduct targeting states nationwide and the impact of their conduct in Morris County, New Jersey, where Plaintiff filed her Complaint. Defendants intentionally availed themselves of the markets in this State through the promotion, marketing, distribution and sale of the products at issue in this lawsuit to render the exercise of jurisdiction by this Court permissible under New Jersey law and the U.S. Constitution. *Id*. at ¶ 19. Because this conduct was designed to, and did, impact purchasers in New Jersey, Defendants established "minimum contacts" such that they are subject to specific jurisdiction in the New Jersey courts. *Id*. at ¶ 15, 16, 17.

##### *a.* The Defendants purposefully directed their activity toward the forum state.

As the Third Circuit has explained, the first prong of the jurisdictional inquiry may be satisfied by a defendant who purposefully directs its activities at the forum. When defendant has availed himself of the privilege of conducting business in a forum, jurisdiction cannot be avoided merely because the defendant did not physically enter the forum state. *Burger King*, 471 U.S. 462. The Defendants implemented their strategy in every state, marketed Puff Bar nationwide, and shipped Puff Bar nationwide. With the Defendants' knowledge, Puff Bar products were being shipped nationwide, including the forum state of New Jersey, as they

7

intended.

### b.     The claims arise out of and relate to the Defendants' forum-related activities.

Claims "arise out of or relate to" forum-related contacts when those contacts are the cause of a plaintiff's claims. The Defendant's contacts with the forum state need not be the proximate cause of the plaintiff's injuries. *O'Connor,* 496 F.3d at 320. The Third Circuit has chosen not to adopt a definitive test to determine how close the relation must be between the contact and injury for specific jurisdiction to apply. *Id.* When deciding tort claims, the Court should "approach[ ] each case individually and take[ ] a realistic approach." *Id.* (quoting *Miller Yacht Sales, Inc.,* 384 F.3d at 99–100). A single contact that creates a substantial connection with the forum can be sufficient to support the exercise of personal jurisdiction over a defendant. *Miller Yacht Sales, Inc.*, 384 F.3d at 96.

Plaintiff's injuries occurred in Morris County, which is in the forum state of New Jersey. If not for the Defendants' efforts to maintain a nationwide youth nicotine market—by creating the product to appeal to youth, by marketing that product to youth nationally (including in the forum state), by establishing a nationwide distribution network, by establishing a website that offered Puff Bar for sale nationwide, and by taking orders and shipping products nationwide (including to the forum state)—Plaintiffs would not have been injured. And as set forth above, Defendants intended for Puff Bar to be marketed and sold to youth nationwide, including in the forum state. Plaintiff's claims directly arise out of and relate to these forum-related contacts.

### c.     The exercise of personal jurisdiction over the Defendants would be reasonable.

Once the first two factors for exercising personal jurisdiction are established, a court may consider whether the exercise of jurisdiction otherwise "comports with 'fair play and

8

substantial justice.'" *O'Connor,* 496 F.3d 312 at 317 (quoting *Burger King,* 471 U.S. at 463). Where a defendant has purposefully directed his activities at forum residents, the burden then shifts to the Defendant to present a compelling case that the exercise of jurisdiction over them is unreasonable. *Burger King*, 471 U.S. 462 at 477.

When considering whether the exercise of jurisdiction is reasonable, courts may evaluate "the burden on the defendant," "the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and the "shared interest of the several States in furthering fundamental substantive social policies." *Id.* at 477 (quoting *World- Wide Volkswagen Corp. v. Woodson,,* 444 U.S. 286). Here, because these factors support the exercise of jurisdiction, the Corporate Defendants cannot satisfy their burden of making a "compelling case" for denying jurisdiction. As described above, the Defendants targeted the national market, including the forum state, with Puff Bar products and marketing circulated nationwide which weighs heavily in favor of exercising jurisdiction. The interests of the forum state and the Plaintiffs' interest in their choice of forum also weigh heavily in favor of exercising jurisdiction. The forum state has an interest in protecting its citizens from harm and enforcing its laws.

Defendants cite to *World-Wide Volkswagen*, 444 U.S. 286 (1980), *Asahi*, 480 US 102 (1987), and *J. McIntyre*, 564 US 873 (2011), among several others, to support the notion that injury in the forum state does not provide the basis for personal jurisdiction. In doing so, however, they overlooked a fundamental distinction. Defendants in those cases carried out no activity whatsoever in the forum state including soliciting business through advertising reasonably calculated to reach that state or indirectly serving or seeking to serve the state

9

market- that which would be regarded as "affiliating circumstances that are a necessary predicate to any exercise of state court jurisdiction" *World–Wide Volkswagen,* 444 U.S. 286, 286-287 (1980). By comparison, Cool Clouds, Abubaker, and Shaikh did engage in soliciting business and serving the New Jersey market. The foreseeability that is crucial to Due process, which is involved here, is not mere likelihood. This alleged conduct and connection with the forum state is such that these Defendants would reasonably anticipate being brought into court in New Jersey.

### 2. Plaintiff's SAC Provides Factual Allegations Sufficient to Support Leave to Conduct Limited Jurisdictional Discovery

Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts generally allow jurisdictional discovery unless the plaintiff's claim is "clearly frivolous." *Softwareart Corporation v. Gopalakrishnan*, Civ. No. 07-4755 (GEB), 5 (D.N.J. Jul. 22, 2008) (quoting *Mass. Sch. of Law*, 107 F.3d at 1042.)

Plaintiff's SAC sets forth allegations that Cool Clouds knowingly made false and misleading statements and omissions regarding Puff Bar and that puff bar products were defectively designed with Abubaker and Shaikh at the helm of these underlying wrongs. Plaintiff makes reference to the March 6, 2020 correspondence from Congressman Raja Krishnamoorthi, Chairman of the Oversight Subcommittee on Economic and Consumer Policy, to Defendants Abubaker and Cool Clouds wherein he expressed concern over Puff Bar products stating "Puff Krush appears to be a new tobacco product specifically designed to circumvent FDA's partial flavor ban." SAC at ¶ 47. Based on its Articles of Incorporation, filed on May 1, 2019, and registration for trademark protection on January 27, 2020, Congressman Krishnamoorthi suggested Cool Clouds could be subject to immediate FDA enforcement action since it would appear they were not on the market as of August 8, 2018 and thus were either "selling a new

tobacco product or [is] looking to expand [its] sales in the wake of the disposable e-cigarette loophole that [the] FDA included in its flavor guidance". *Id.* at 48. See 3/6/20 Letter attached hereto as **Exhibit A**. Defendants submitted affidavits disclaiming meaningful, if any, involvement in the making, sale, and distribution of Puff Bar. Congressman Krishnamoorthi's letter to Cool Clouds and Abubaker, charging these defendants with the very type of active Puff Bark-market activity involvement totally undermine the contents of the affidavits. For example, Cool Clouds is the owner of the Puff Bar trademark and Cool Clouds was also charged with selling Puff Bar and even "looking to expand *your* sales." *Id.*, (emphasis added).

These non-frivolous allegations are sufficient to support leave to conduct jurisdictional discovery. The scope of such discovery would be strictly limited to the Affidavits filed by Defendants in support of their Motion to Dismiss and would include the depositions of Umais Abubaker and Shahid Shaikh, as well as a handful of interrogatories and requests for production.

## V.     CONCLUSION

For the reasons identified above, Plaintiffs respectfully request that this Court Deny Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint or alternatively, grant Plaintiff leave to conduct jurisdictional discovery.

DATED:  December 15, 2020                                    Respectfully submitted,

*/s/ Jeffrey L. Haberman*
Jeffrey L. Haberman, Esq.
**SCHLESINGER LAW OFFICES, P.A.**
1212 SE Third Avenue,
Fort Lauderdale, FL
33316 Telephone: (954) 320-9507
jhaberman@schlesingerlaw.com
*Attorneys for Plaintiffs*

11

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 15, 2020, I served a copy of the foregoing on the Clerk of Court by CM/ECF, which will provide notification to all parties and counsel of record.

DATED:  December 15, 2020                              Respectfully submitted,

                                                         */s/ Jeffrey L. Haberman*
                                                         Jeffrey L. Haberman, Esq.