IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

Case No: 2:20-cv-08030-SDW-LDW

RUTH LARA, Individually and as guardian of her minor child J.S., on behalf of themselves and on behalf of those similarly situated,

        Plaintiffs,

v.

PUFF BAR, NICK MINAS and PATRICK BELTRAN,

        Defendants.

## JOINT PROPOSED DISCOVERY PLAN

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

    a. The following attorneys appear for the plaintiff and the proposed class:

    Jeffrey L. Haberman
    Scott P. Schlesinger (admitted *pro hac vice*)
    Jonathan Gdanski (admitted *pro hac vice*)
    **SCHLESINGER LAW OFFICES, P.A.**
    1212 SE Third Avenue
    Ft. Lauderdale, FL 33316
    jhaberman@schlesingerlaw.com
    scott@schlesingerlaw.com
    jgdanski@schlesingerlaw.com

    b. The following attorneys appear for Defendants Puff Bar, Nick Minas, and Patrick Beltran:

    Brian Keahi Steinwascher
    THOMPSON HINE LLP
    335 Madison Avenue, 12th Floor

1

    New York, New York 10017-4611
    Phone: 212.344.5680
    Fax: 212.34.6101

    Eric N. Heyer (admitted *pro hac vice*)
    Joseph A. Smith (admitted *pro hac vice*)
    1919 M Street, NW, Suite 700
    Washington, DC 20036
    Phone: 202.331.8800
    Fax: 202.331.8330

    Seth A. Litman (admitted *pro hac vice*)
    3560 Lenox Road, NE
    Suite 1600
    Atlanta, GA 30326
    Phone: 404.541.2900
    Fax: 404.541.2905

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

This is a product liability action, wherein Plaintiffs are suing the Puff Bar Defendants for designing, manufacturing, distributing, marketing, and selling a defective product that causes nicotine addiction and other serious injuries. Plaintiffs bring the following causes of action against Defendants: (1) Violation of the New Jersey Product Liability Act (N.J. Stat. Ann. 2A:58C-1, *et seq*.) and (2) Preliminary and Permanent Injunction. Plaintiff denies the contentions set forth in Defendants' statement description of the case and their asserted defenses.

Defendants deny that, as a factual matter, they had any involvement in designing or manufacturing the Puff Bar products and maintain that they had no involvement in any distribution of the subject Puff Bar product(s) allegedly purchased by the minor Plaintiff at one or more retail locations in the State of New Jersey. In short, Defendants deny that they had any involvement whatsoever in the chain of distribution of the subject product(s) allegedly (illegally) purchased and consumed by the minor Plaintiff. Additionally, Defendants have asserted many defenses, including, *inter alia*, that (i) Plaintiffs' claims are barred because the alleged harm was caused by an unavoidable unsafe aspect of the product and the product was accompanied by an adequate warning or instruction; (ii) the claims are preempted by the Federal Food, Drug and Cosmetic Act; (iii) Plaintiffs did not rely to their detriment upon any statement made by Defendants in determining to use the products at issue; (iv) Plaintiffs' claims are barred in whole or in part because the minor Plaintiff was not a reasonably foreseeable or intended user of the subject products, which cannot be legally purchased by an individual under 21 under federal law; (iv) there was not a practical and technically feasible alternative design that would have prevented the

2

alleged harm without substantially impairing the reasonably anticipated or intended function of the product; and (v) the characteristics of the product were known to the ordinary consumer or user and the alleged harm was caused by an unsafe aspect of the product that is an inherent characteristic of the product that would be recognized by the ordinary person who uses or consumes the product with the ordinary common knowledge common the class of persons for whom the product is intended. Defendants also contend that Plaintiffs' class allegations are deficient and that the proposed class definitions are inadequate as lacking any detail in regard to the exact damage Plaintiffs claim the various class members suffered. Defendants further contend that this matter cannot be maintained as a class action as personal injury cases generally are not appropriate for class adjudication because of the lack of typicality/commonality that arises with individual health considerations. Moreover, because Plaintiff J.S. is a minor who purchased these products illegally, neither he nor his representative are adequate class representatives for adults who legally purchased the product. Finally, common issues will not predominate because most purchasers of Defendants' products were satisfied with their purchase, uninjured and, in fact, able to cease smoking combustible cigarettes by using the product.

3. Have settlement discussions taken place?  Yes _____   No __**X**__

   (a) What was plaintiff's last demand?

      (1) Monetary demand: $ __N/A__
      (2) Non-monetary demand: _____

   (b) What was defendant's last offer?

      (1) Monetary offer: $ __N/A__
      (2) Non-monetary offer: _____

4. The parties met pursuant to Fed. R. Civ. P. 26(f) on **April 26, 2021**.

5. The parties have not yet exchanged the information required by Fed. R. Civ. P. 26(a)(1). The parties have agreed to exchange those disclosures on **April 30, 2021**.

6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1): **None.**

7. The parties have conducted discovery other than the above disclosures. On August 19, 2020, Plaintiff served her first set of interrogatories and requests for production. This discovery was not due at that time because the parties had not yet met pursuant to Fed. R. Civ. P. 26(f). Subject to Defendants' request to limit the initial phase of discovery to issues relevant to a potential motion for class certification (discussed below), responses are now due on or before **May 26, 2021**. Plaintiff opposes Defendants' request to bifurcate discovery.

8. Proposed joint discovery plan:

   (a) Discovery is needed on the following subjects:

   Plaintiff seeks discovery on the topics named in her initial discovery requests including: the relationship between defendants; corporate structure; communications with and regarding federal and state regulatory bodies including premarket FDA approval; design, development, testing and manufacture of Puff Bar; ingredients and additives used in Puff Bar; sale, distribution, labeling, packaging, promoting, marketing and advertising Puff Bar; customer lists; sales data.

   Defendants seek class certification discovery on, *inter alia*, the identity(ies) of the retailer(s) and parties from which the minor Plaintiff purchased Puff Bar products; the date(s) of such purchases; the number and quantity of Puff Bar products purchased and consumed by the minor Plaintiff; the minor Plaintiff's alleged exposure to Defendants' marketing of the Puff Bar products; the nature and extent of Plaintiffs' alleged injuries; and all other factual bases for Plaintiffs' personal and class claims.

   (b) Plaintiff maintains that discovery should not be conducted in phases or be limited to particular issues. Defendants maintain that a significant threshold issue is whether Plaintiff can maintain a lawsuit against Defendants of any kind, much less a class action. It is unlikely that Defendants were even involved in the distribution of the Puff Bar products allegedly purchased and consumed by the minor Plaintiff, as the Second Amended Complaint alleges that the minor Plaintiff only purchased the Puff Bar products from one or more physical retail outlets, presumably in the State of New Jersey, and Puff Bar was only ever engaged in online direct-to-consumer sales, and was never involved in any distribution of Puff Bar products to physical retailers, including in the State of New Jersey. Defendants thus respectfully submit that, to minimize the unnecessary expenditure of resources by all parties, initial discovery should be limited to that threshold question. Secondarily, Defendants respectfully submit that, beyond that initial threshold question, there should be an approximately six-month period wherein discovery is limited to discovery relevant to the issue of class certification, to be followed by a motion for class certification, rather than full-blown discovery on the merits, with any merits discovery to follow the court's ruling on the motion for class certification.

   (c) Plaintiff proposes the following schedule:

   (1) Fed. R. Civ. P. 26 Disclosures **April 30, 2021**.

   (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) **May 14, 2021**.

(3) Service of initial written discovery <u>Plaintiff served initial discovery; Defendants shall serve initial discovery by **May 26, 2021**</u>.

(4) Plaintiffs do not propose a maximum number of Interrogatories by each party to each other party at this time.

(5) Plaintiffs do not propose a maximum number of depositions to be taken by each party at this time.

(6) Motions to amend or to add parties to be filed by <u>**October 18, 2021**</u>.

(7) Factual discovery to be completed by <u>**January 21, 2022**</u>.

(8) Plaintiff's expert report due on <u>**March 7, 2022**</u>.

(9) Defendant's expert report due on <u>**April 21, 2022**</u>.

(10) Expert depositions to be completed by <u>**June 30, 2022**</u>.

(11) Class certification motions to be completed within <u>**90**</u> days of the completion of expert discovery.

(12) Dispositive motions to be served within <u>**60**</u> days of an order on class certification.

Consistent with their proposal to initially limit discovery to the threshold question of Defendants' involvement in the distribution of the Puff Bar products purchased and consumed by the minor Plaintiff and to also limit the first phase of discovery to issues relevant to a potential motion for class certification, Defendants propose the following schedule for the initial phase of discovery relevant to class certification:

(1) Fed. R. Civ. P. 26 Disclosures: **April 30, 2021.**

(2) E-Discovery conference pursuant to L. Civ. R. 26.1(d): **May 14, 2021.**

(3) Service of initial written discovery:
   Plaintiff has already served initial discovery.
   Defendants shall serve initial discovery on class certification issues by <u>**May 26, 2021**</u>.

(4) Motions to amend or to add parties to be filed by <u>**June 15, 2021**</u>.

(5) Defendants do not propose a maximum number of interrogatories by each party to each other party at this time.

5

      (6) Defendants do not propose a maximum number of depositions to be taken by each party at this time.

      (7) Plaintiff's expert report on any issues relevant to class certification due: **August 2, 2021.**

      (8) Defendants' expert report on any issues relevant to class certification due: **September 17, 2021.**

      (9) Motion for class certification to be filed by **November 1, 2021**.

(d) Set forth any special discovery mechanism or procedure requested.

    Plaintiff: N/A

    Defendants: As explained above, initial limitation of discovery to threshold issue of Defendants involvement in distribution of the subject products and bifurcation of class and merits discovery.

(e) A pretrial conference may take place within __30__ days after an order on dispositive motions.

(f) Trial date: **14 days after pretrial conference** ( __X__ Jury Trial; _____ Non-Jury Trial).

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes **X** No _____. If so, please explains.

While the parties have out-of-state witnesses and documents, and will likely require videotape depositions, the parties will work together to meet these needs.

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? Yes_____ No **X** .

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc. N/A.

11. Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.

6

It is Defendants' position that the Court should enter a protective order governing the production and use of confidential, trade secret, and commercially sensitive business information, including identities of suppliers and customers and pricing and cost information.

Plaintiffs oppose entry of a protective order at this time.

12. Do you anticipate any discovery problem(s) not listed above? Describe. Yes_____ No **X** _____.

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

    Plaintiffs maintain that this case is not appropriate for voluntary arbitration.

    The parties agree to meet and confer on whether mediation is appropriate at a later time, i.e., after the completion of discovery or dispositive motions.

14. Is this case appropriate for bifurcation?

    As explained above, Defendants maintain that this purported class action is appropriate for bifurcation of class and merits discovery and Plaintiffs disagree.

15. An interim status/settlement conference (with clients in attendance), should be held: ___after the close of dispositive motions_____.

16. The Parties do not consent to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference.

    Defendants would like to address active management of discovery to first address the salient threshold issue of whether Defendants were even involved in the distribution of the Puff Bar products allegedly purchased and consumed by the minor Plaintiff (which, based on the limited information available to them to date from the pleadings, Defendants maintain that they were not) and potential bifurcation of class and merits discovery so as to manage this case in a manner that will best preserve the parties' limited resources.

SCHLESINGER LAW OFFICES, P.A.

Dated: April 29, 2021
By: /s/ *Jeffrey Louis Haberman*

Jeffrey Louis Haberman
1212 SE Third Avenue
Ft. Lauderdale, Florida 33316
(954) 320-9507
jhaberman@schlesingerlaw.com
*Attorneys for Plaintiffs*


THOMPSON HINE LLP

Dated: April 29, 2021
By: /s/ *Brian Keahi Steinwascher*

Brian Keahi Steinwascher
335 Madison Ave., 12th Floor
New York, NY 10017
(212) 344-5680
Brian.Steinwascher@ThompsonHine.com

Eric N. Heyer, *pro hac vice*
Joseph A. Smith, *pro hac vice*
1919 M Street, NW, Suite 700
Washington, DC 20036
Phone: 202.331.8800
Fax: 202.3318330
Eric.Heyer@ThompsonHine.com
Joe.Smith@ThompsonHine.com

Seth A. Litman, *pro hac vice*
3560 Lenox Rd. NE
Suite 1600
Atlanta, GA 30326
Phone: (404) 541-2900
Fax: (404) 541-2905
Seth.Litman@ThompsonHine.com

*Attorneys for Defendants Puff Bar, Nick Minas, and Patrick Beltran*